Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o A.N. DERINGER, INC.,

        Plaintiff,

    - against -

M/V OOCL LONG BEACH, her engines, boilers,
tackle, apparel, etc., *in rem*; ORIENT OVERSEAS
CONTAINER LINE and AMCO CARGO SYSTEMS
LIMITED, *in personam*,

        Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

        Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

        1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

        2.    At all material times, FIREMAN'S FUND INSURANCE COMPANY (hereinafter "FFIC" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, New York 10005 and is the subrogated underwriter of a consignment of paper bags laden on board the M/V OOCL LONG BEACH, as more fully described below.

3. At all material times, A.N. DERINGER, INC. (hereinafter "Deringer") was and is a business entity organized and existing by virtue of the laws of a foreign state with an office and place of business located at 64-66 N. Main St. Saint Albans, Vermont 05478 and was the consignee, owner and/or assured of the consignment hereinbelow described.

4. At all material times, defendant, ORIENT OVERSEAS CONTAINER LINE (hereinafter "OOCL") was and is a foreign corporation with an office and place of business located at Wall Street Plaza, 88 Pine Street, 8th Floor, New York, New York 10005 and owns, operates, manages and/or charters ocean-going vessels, including the M/V OOCL LONG BEACH (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V OOCL LONG BEACH, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant, AMCO CARGO SYSTEMS LIMITED (hereinafter "AMCO") was and is a foreign corporation with an office and place of business located at Room 802-4, Yuen Fat Industrial Building, No. 25 Wang Chiu Road, Kowloon Bay, Kowloon, Hong Kong, China and at all relevant times was and is doing business in this jurisdiction as an international freight forwarder.

6. At all material times, the M/V OOCL LONG BEACH was and is an oceangoing vessel built in 2003, that is flagged in Hong Kong, China and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7. On or about June 10, 2007, a consignment consisting of 350 cartons of paper bags laden into container number CRXU1142353, then being in good order and condition, was

delivered to defendants OOCL, AMCO, and the M/V OOCL LONG BEACH at the port of Yantian, China for transportation to Long Beach, California, U.S.A., in consideration of an agreed freight and pursuant to OOCL bill of lading number OOLU3020502090 dated June 10, 2007 and AMCO bill of lading number MZSE-0706/00016 dated June 10, 2007.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V OOCL LONG BEACG, OOCL bill of lading number OOLU3020502090 and AMCO bill of lading number MZSE-0706/00016 were issued, and the vessel sailed for the intended port of destination.

9. On or about June 27, 2007 the consignment arrived at the port of Long Beach, California, U.S.A.

10. Upon discharge it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage during transit due to exposure to water.

11. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendants.

12. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $20,851.25.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between Deringer and FFIC, which provided coverage for, among other things, loss or damage to the consignment.

14. Pursuant to the aforementioned contract of insurance between Deringer and FFIC, monies have been expended on behalf of Deringer to the detriment of FFIC due to the damages sustained during transit.

15. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

16. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

17. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

18. Plaintiff has a maritime lien against the M/V OOCL LONG BEACH for the damages referred to herein and will enforce that lien in these proceedings.

19. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V OOCL LONG BEACH, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the *in personam* defendants cannot be found within this District, then all their property within this District be attached in the amount of $20,851.25 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V OOCL LONG BEACH, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants ORIENT OVERSEAS CONTAINER LINE, AMCO CARGO SYSTEMS LIMITED and the M/V OOCL LONG BEACH be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       June 13, 2008
       299-739

                                       CASEY & BARNETT, LLC
                                       Attorneys for Plaintiff

                              By: *Martin F. Casey*
                                  Martin F. Casey (MFC-1415)
                                  317 Madison Avenue, 21st Floor
                                  New York, New York 10017
                                  (212) 286-0225